©PINION of-the'Court; by
Judge Owsmt.
Joseph Bane, the ancestor 'of the appellants» having sold to John-Newhouse, the assignor oí'the appellee, a tract of land» on the 1st day of November 1806, gave his bond, conditioned “to convey by deed with general warranty to the said Newhouse,, the aforesaid tract of land, on or before the 1st day of September 1808; he, the said New-house, first paying the - said Bane the sum of 82?, 10s. the balance due of the purchase money,” kc.-
Bane haying departed this life, Newhouse assigned the bond to M’Meekin, who brought this action of covenant against the administrator and heirs of Bane, upon the condition of the bond.
The declaration, after setting forth the bond and com ■dition, alleges for breach, the failure of said Joseph Bane in his lifetime to convey the land, ás w ell as that of his representatives since, although theplaintiffon the -day of-tendered to Thomas Hite, the adminisr trator of Bane, the balance of the purchase money, with interest, which he refused to receive, &c.
Several pleas appear to have been filed by some on®, of tbe defendants, but by whom does not very satisface torily appear ; nor is it; material it should, for the pim-pose of the present inquiry.
A demurrer was filed to one of the pleas by the plaintiff in the court below, and- that court being of opinion the. plea was insufficient, sustained the demurrer. Issues of fact were made up,on the other pleas; but as no question occurs in relation to those pleas, it is thought uhnecessaiy moré particularly to notice them.
On the trial of the issues of fact, a verdict was obtained by the plaintiff in that court, and judgment entered accordingly. From this judgment the defendants there have appealed to this court.
The only question we deem material to notice in deciding this case, is as to the sufficiency of the declaration ; and in making this inquiry, it must be recollected that the declaration stands liable to every objection which can be available on a general demurrer: for as the plaintiff in the court below has filed a demurrer to one of the defendant’s pleas, he hap thereby brought’all the previous pleadings before the court, and judgment •should have been rendered on the demurrer against hiij* *28 ⅛ whom the first fault in pleading should be ascertained.
Considering then the objection to the declaration ⅞⅝ upon a demurrer, we have no doubt but it is defective.
It is obvious from the condition recited in the declaration, that the payment of the 82Í. 1 Os. was a precedent condition to the conveyance of the land,* and as that condition was to be performed on or before the 1st day of September 1808, the declaration should have contained an averment of its having been so performed, or, made out by apt and appropriate averments a sufficient excuse for the failure. This we, however, suppose has not been done in the present case: for although the plaintiff has averred in his declaration a tender of the balance due to the administrator of Bane, when that tender was made does not appear; and as an offer to pay could not excuse the failure of payment, unless made-on or before the 1st of September 1808, the declaration,, to be good, should have expressly alleged the tender to' have been made against that period.
The judgment of the court below must therefore be reversed with costs, the cause remanded to that court and, the plaintiff there have leave to amend his declaration, should he apply for- leave to do so; and such farther proceedings be there had as may be necessary to a final, decision. .